HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS JOHNSON, et al.,

    Plaintiffs,

    v.

COVENANT SECURITY SERVICES, LTD., et al.,

    Defendants.

CASE NO. C13-1983RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff's motion for partial summary judgment regarding medical expenses.  No one requested oral argument, and the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS the motion in part and DENIES it in part.  Dkt. # 43.

## II.  DISCUSSION

This case concerns Plaintiff Thomas Johnson's claims for damages following a September 2010 collision between a freight train and the tractor-trailer that Mr. Johnson was driving.  The motion before the court concerns only Mr. Johnson's medical care in the wake of the collision.

Mr. Johnson asks for partial summary judgment that certain medical care was reasonably necessary as a result of the collision and that the charges for that medical care were reasonable.  Most of the medical care in question is described in hundreds of entries

ORDER – 1

on a 12-page chart attached to the October 2014 declaration of Dr. Steven Taylor, the physician primarily responsible for Mr. Johnson's care in the wake of the accident. Dr. Taylor opines that all of the treatment listed on the chart, treatment that begins shortly after the accident and continues to mid-2014, was reasonably necessary as a result of the accident.

Karina Vega, who has substantial experience in medical billing, opines that the charges for the treatment on Dr. Taylor's chart are within the range of reasonable charges for those services in the Puget Sound area. She also rendered the same opinion as to charges for some services Mr. Johnson received that were not on Dr. Taylor's chart. Mr. Johnson does not seek summary judgment that those additional charges were for medically necessary treatment (although he may attempt to prove as much at trial).

Based on evidence from Dr. Taylor and Ms. Vega, Mr. Johnson seeks summary judgment that the medical treatment on Dr. Taylor's chart was reasonably necessary as a result of the collision, and that a total of just over $201,000 was the reasonable cost of that treatment. He also seeks summary judgment as to the reasonableness of the amount of the charges about which Ms. Vega opined that were not on Dr. Taylor's chart. His motion does not cover all of his medical treatment, and he reserves his right to convince the jury that he is entitled to additional compensation for additional treatment, including treatment he has received since Dr. Taylor's report.

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The

ORDER – 2

opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

The only Defendant to oppose Mr. Johnson's motion is Covenant Security Services, Ltd., the entity responsible for controlling the railroad crossing at which the collision occurred. Covenant's opposition is limited. The only evidence it offers is the report of its own medical expert, Dr. Michael Battaglia. He examined Mr. Johnson in August 2014, reviewed at least some of his medical records, and prepared a report. That report does not directly address Dr. Taylor's assessment of medical records, and it is wholly silent as to Ms. Vega's assessment of the reasonableness of the cost of Mr. Johnson's treatment. Dr. Battaglia does opine, however, that any treatment that Mr. Johnson received for his shoulder was not as a result of the collision. He also opines that as of August 2014, Mr. Johnson required no further medical treatment. Battaglia Report (Dkt. # 45) at 19-21. Covenant does almost nothing to explain how Dr. Battaglia's report refutes Dr. Taylor's opinions.

The court agrees that to the extent that the 12-page chart describes shoulder treatment, Dr. Battaglia's report suffices to create a genuine issue of material fact as to whether the collision necessitated that treatment. But neither Covenant nor Dr. Battaglia has done anything to identify which entries on that 12-page chart pertain to shoulder treatment. The court will not do that job for the parties.

Dr. Battaglia's opinions about the need for future medical treatment are irrelevant in this motion. Although Dr. Taylor believed that additional treatment after the date of his declaration would be necessary, Mr. Johnson has not asked for summary judgment on that issue. He asked for summary judgment only as to the treatment described in the 12-page chart. That treatment all predates Dr. Battaglia's report.

ORDER – 3

1     As to Ms. Vega, Covenant offers no evidence to dispute her assessment as to the
2 reasonableness of the *cost* of Mr. Johnson's treatment, including the cost of treatment
3 beyond the scope of Dr. Taylor's chart.
4     Covenant also raises arguments as to a few of the entries on Dr. Taylor's chart.  It
5 points out that a few thousand dollars of charges from pharmacies, detailed on the final
6 pages of the chart, are supported with nothing more than the description "Meds."  The
7 court agrees that neither Dr. Taylor nor Ms. Vega has laid an adequate foundation for
8 opinions as to the necessity of those "Meds" or the reasonableness of their cost.  The
9 court will not grant summary judgment as to those costs.  Covenant also challenges a
10 series of six entries, dated July 31, 2013, on which the handwritten annotation "Double
11 Accounting" appears in Dr. Taylor's chart.  Mr. Johnson offers no response as to the
12 meaning of that annotation, and the court declines to grant summary judgment as to those
13 six entries.  Covenant challenges three entries on the first page of Dr. Taylor's chart,
14 because the descriptions of the services provided read "can't find notes," "Unknown,"
15 and "L&I shows 2 charges for $120."  Again, Mr. Johnson makes no attempt to explain
16 those entries, and the court declines to grant summary judgment as to them.
17     The court orders as follows:
18 1) The court grants summary judgment that every charge listed on the chart
19     attached to Ms. Vega's declaration is a reasonable cost for the medical service
20     provided.  The only exception is her declaration as to the reasonable cost of
21     "meds," opinions for which she has not provided an adequate foundation.
22 2) The court grants summary judgment that every medical service described on
23     the chart attached to Dr. Taylor's declaration was reasonably necessary
24     treatment as a result of the collision at issue.  The following entries on the chart
25     are exceptions to this ruling:
26     a)  entries bearing the description "Meds";

ORDER – 4

    b) three entries on the first page of the chart bearing the descriptions "can't find notes," "Unknown," and "L&I shows 2 charges for $120";

    c) six entries, dated July 31, 2013, on which the handwritten annotation "Double Accounting" appears; and

    d) entries for treatment of Mr. Johnson's shoulder.

3) Because Covenant did nothing to identify which entries on Dr. Taylor's chart were for treatment of Mr. Johnson's shoulder, it shall be responsible for doing so at least 60 days in advance of trial. If it does not, the court will deem its failure a concession that there are no such charges on the chart. The parties are obligated to meet and confer in an attempt to resolve any dispute as to which entries describe shoulder treatment.

### III.  CONCLUSION

For the reasons previously stated, the court GRANTS Plaintiffs' motion for partial summary judgment in part and DENIES it in part. Dkt. # 43.

DATED this 3rd day of June, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5